|  |  |  |
|---|---|---|
| MATTHEW FAIRBANKS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. |
| | ) | 16-10023-NMG |
| OFFICER DANA O'HAGAN, ET AL., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**MEMORANDUM & ORDER**

**GORTON, J.**

This case arises out of the arrest of Matthew Fairbanks
("Fairbanks" or "plaintiff"), the subsequent search of his
apartment and car and the seizure of his property.  Fairbanks
claims that defendants, various police officers employed by the
Town of Danvers, Massachusetts, 1) falsely arrested him, 2)
conducted an unlawful search and seizure, 3) violated his right
to bear arms, 4) violated the Equal Protection Clause and 5)
took his property without just compensation, all in violation of
42 U.S.C. § 1983.  Defendants' motion to dismiss for failure to
state a claim upon which relief can be granted is pending before
the Court.  For the following reasons, that motion will be
allowed, in part, and denied, in part.

## I.    Background

In January, 2013, plaintiff hosted a small social gathering at his apartment in Danvers, Massachusetts which included his estranged father, Mark Kendall, his neighbor, Maria Melendez and his father's friend, Holly Fletcher.  During the gathering, plaintiff and his father, Kendall, stepped into the bathroom to have a conversation which descended into an argument with raised voices.  In the course of the argument, fixtures in the bathroom were damaged and the toilet was broken off of its base and began leaking water into the apartment below.

At approximately 3:00 A.M., the individual who lived in the lower apartment called the police about the water leak.  Officer Dana O'Hagan arrived at plaintiff's apartment shortly thereafter.  Kendall and Fletcher met him in the lobby and told him that plaintiff was a Marine suffering from post-traumatic stress disorder and was "crazy".  O'Hagan and other officers went upstairs to plaintiff's apartment.  They found plaintiff in the hallway and proceeded to handcuff and frisk him.  They also asked him if he had any weapons and he responded that he had three weapons: a .45 caliber pistol, a .38 caliber revolver and a .22 caliber rifle two of which were in his vehicle.

Officers then entered plaintiff's apartment to recover his keys and seized the revolver and rifle from his vehicle.  They also confiscated a knife, a "scope", the pistol and other

-2-

property not specifically identified in the complaint from plaintiff's apartment.

Plaintiff was charged in the Massachusetts District Court with 1) assault and battery, 2) assault and battery with a dangerous weapon, 3) two counts of improper storage of a firearm and 4) malicious destruction of property. In July, 2013, he admitted to sufficient facts for a guilty finding with respect to the assault and battery charge and one of the charges of improper storage of a firearm. As to those admissions, he agreed to a two-year continuance without a finding. The other charges were dismissed.

In January, 2016, plaintiff filed suit in this Court against the Town of Danvers and five Danvers police officers, Officer Dana O'Hagan, Detective f/n/u Carleton, Officer f/n/u Cassidy, Officer f/n/u George and Sergeant f/n/u Janvrin (collectively "defendants"). This Court dismissed the claims against the Town of Danvers in September, 2016. The remaining defendants filed a motion to dismiss shortly thereafter which plaintiff opposes. That motion is the subject of this memorandum and order and for the reasons that follow, it will be allowed, in part, and denied, in part.

## II.  Legal Analysis

### A.    Legal Standard

To survive a motion to dismiss for failure to state a claim
under Fed. R. Civ. P. 12(b)(6), a complaint must contain
"sufficient factual matter" to state a claim for relief that is
actionable as a matter of law and "plausible on its face."
Ashcroft v. Iqbal, 556 U.S. 662, 667 (2009) (quoting Bell Atl.
Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  A claim is
facially plausible if, after accepting as true all non-
conclusory factual allegations, the court can draw the
reasonable inference that the defendant is liable for the
misconduct alleged. Ocasio Hernandez v. Fortuno Burset, 640 F.3d
1, 12 (1st Cir. 2011).  A court may not disregard properly pled
factual allegations even if actual proof of those facts is
improbable. Id.  Rather, the relevant inquiry focuses on the
reasonableness of the inference of liability that the plaintiff
is asking the court to draw. Id. at 13.

When rendering that determination, a court may not look
beyond the facts alleged in the complaint, documents
incorporated by reference therein and facts susceptible to
judicial notice. Haley v. City of Boston, 657 F.3d 39, 46 (1st
Cir. 2011); Alt. Energy, Inc. v. St. Paul Fire & Marine Ins.
Co., 267 F.3d 30, 33-34 (1st Cir. 2001) (excluding opposition

memorandum and supporting materials unless they are undisputed by the parties or the motion is converted to summary judgment). Courts may properly consider matters of public record such as documents from prior state court adjudications. Giragosian v. Ryan, 547 F.3d 59, 66 (1st Cir. 2008).

**B.    Application**

Defendants contend that plaintiff's claims must be dismissed pursuant to the doctrine espoused in Heck v. Humphrey, 512 U.S. 477 (1994), which prohibits 42 U.S.C. § 1983 claims that would undermine state court convictions.  Defendants further assert that plaintiff fails to state a claim upon which relief can be granted for violations of his right to bear arms and the Equal Protection Clause.  They also assert that his takings claim is not ripe.

**1.    The Heck Doctrine**

Claims brought pursuant to 42 U.S.C. § 1983 are not cognizable if their success would necessarily imply the invalidity of an underlying state court conviction. Heck, 512 U.S. at 486-87.  Therefore, a plaintiff bringing such a claim must show that the state court conviction has been reversed, expunged, declared invalid by a state tribunal or called into question by a federal court's issuance of a writ of habeas corpus. Id.  Although the First Circuit Court of Appeals has not addressed whether a continuance without a finding ("CWOF")

-5-

constitutes a conviction for the purpose of the Heck analysis,
another session of this Court has treated CWOFs as criminal
convictions under Heck. Bochart v. City of Lowell, No. 13-11753-
FDS, 2016 WL 696087, at *4 (D. Mass. February 19, 2016).

If a § 1983 claim does not necessarily invalidate a state
criminal judgment, it is permissible under the Heck doctrine.
Heck, 512 U.S. at 487. For example, even if a search or seizure
is unconstitutional, evidence discovered as a result of that
search may be used to support a conviction in state court if it
is admissible based upon the independent source, inevitable
discovery or harmless error doctrine. Id. at 487, n.7.
Accordingly, in those circumstances, a civil rights claim
emanating from the allegedly unconstitutional search or seizure
"would not necessarily imply that the plaintiff's conviction was
unlawful" and is thus permissible. Id.

In determining whether a § 1983 claim necessarily implies
the invalidity of a state court conviction, district courts must
evaluate the relationship between the claim and the conviction
by asking whether the plaintiff could prevail only by negating
an element of the convicted offense. Thore v. Howe, 466 F.3d
173, 179 (1st Cir. 2006). That evaluation requires courts to
"consider each of the plaintiff's theories of relief
individually." Bochart, 2016 WL 696087, at *4.

### a. Count I: False Arrest

The record does not support dismissing plaintiff's false arrest claim.  Pursuant to the Fourth Amendment, the constitutionality of an arrest hinges on whether, at the moment of arrest, the officers had probable cause to believe that plaintiff had committed or was committing an offense. Devine v. Woburn Police Department, No. 14-13179-MBB, 2016 WL 5746348, at *7 (D. Mass. Sept. 30, 2016) (citing Beck v. State of Ohio, 379 U.S. 89, 91 (1964)).

Plaintiff alleges that the defendants violated his Fourth Amendment rights by arresting him without probable cause. Defendants assert that such a claim is barred by the Heck doctrine because it necessarily implies that the CWOF is invalid.  The complaint itself does not include details that clearly establish a lack of probable cause for the arrest.  Nor does it dispute facts which plaintiff admitted with respect to the CWOFs.  Given the dearth of information, this Court cannot determine whether the false arrest claim necessarily invalidates the state court CWOFs.  Accordingly, dismissal of Count I is premature and, with respect to that claim, defendants' motion will be denied. See Turkowitz v. Town of Provincetown, 914 F. Supp. 2d 62, 70 (D. Mass. 2012) ("Convictions do not necessarily imply that the police had probable cause to arrest for that crime at the time of the arrest.")(internal quotations omitted).

### b. Counts II and III: Unreasonable Search and Seizure

Although plaintiff's claim that the revolver and rifle were illegally seized must be dismissed under the Heck doctrine, defendants have not shown that the dismissal of his other Fourth Amendment claims is warranted. The Fourth Amendment generally requires that police obtain a warrant prior to conducting a search or seizure. United States v. Paneto, 661 F.3d 709, 713 (1st Cir. 2011). There are, however, several well recognized exceptions to the warrant requirement, including consent, exigent circumstances and searches incident to arrest. United States v. Jones, 187 F.3d 210, 219 (1st Cir. 1999).

In Count II, plaintiff alleges Fourth Amendment violations based on the following warrantless searches: 1) the initial entry into the apartment, 2) the search of his automobile and 3) the officers' subsequent re-entry into the apartment in order to seize the pistol and other items and to take photographs. In Count III, plaintiff claims that the officers violated his Fourth Amendment rights by improperly seizing his car keys, a revolver and rifle from his vehicle and "other property", including a pistol, from his apartment.

Defendants contend that plaintiff's search and seizure claims are prohibited by the Heck doctrine, because, if true, they necessarily imply that the state court CWOFs are invalid.

Yet they fail to address whether alternative discovery
doctrines, such as harmless error or inevitable discovery, would
cure the alleged Fourth Amendment violations with respect to the
state court conviction. 512 U.S. 477, 487, n.7 (1994).

Consequently, the Court can only determine with certainty
that plaintiff's claim alleging an illegal seizure of his
revolver and rifle is barred by Heck.  As the plaintiff pled to
sufficient facts and accepted a CWOF for improper storage of the
revolver and rifle, he cannot challenge the seizure of those
weapons without necessarily implying that the state court CWOF
is invalid. See id.  Conversely, because the complaint states
that plaintiff was not charged with a firearm violation for the
pistol, and thus that the improper storage admission does not
apply to that firearm, his illegal search and seizure claim with
respect to the pistol will not be dismissed.

As for plaintiff's other Fourth Amendment claims,
defendants neither address alternative discovery theories nor
attempt to explain how those claims necessarily imply the
invalidity of the state court CWOF.  Therefore, based solely on
the complaint and the state court documents, it is unclear
whether the three searches and the seizure of unidentified items
and the pistol from plaintiff's apartment are barred by Heck and
dismissal of Counts II and III in their entirety is premature.
See id.  Accordingly, defendants' motion to dismiss will, with

respect to plaintiff's claim that his revolver and rifle were
seized illegally, be allowed but, with respect to his other
search and seizure claims, denied.

### c. Count V: Violation of the Right to Bear Arms

Plaintiff fails to state a plausible claim that defendants
violated his right to bear arms and that claim is also barred by
Heck.  The Second Amendment is not implicated by the seizure of
individual firearms. Hopkins v. Claroni, No. 13-CV-229, 2015 WL
2371654, at *7 (D. Maine May 18, 2015).  In order to establish a
violation of the Second Amendment plaintiff must show that he
has been kept from acquiring any other legal firearms. Tirado v.
Cruz, No. 10-2248, 2012 WL 525450, at *6 (D. P. R. Feb. 16,
2012).  Thus, plaintiff's allegation that defendants seized
three of his firearms in violation of the Second Amendment fails
to state a plausible claim. Id. (finding that police officers
did not violate plaintiff's Second Amendment rights by seizing
firearms during search of home).

Plaintiff also alleges that defendants caused the issuing
authority to suspend his license to possess firearms as a result
of "their factually unsupported and legally improper" criminal
charges.  Such a claim is prohibited by Heck because it directly
challenges the validity of plaintiff's CWOF and subsequent
admission to sufficient facts for improper storage of a firearm.
See Bochart v. City of Lowell, No. 13-11753-FDS, 2016 WL 696087,

at *4 (D. Mass. February 19, 2016).  Consequently, defendants'
motion to dismiss plaintiff's claim that they infringed upon his
right to bear arms will be allowed.

### d. Count VI: Equal Protection Violation

Plaintiff's equal protection claim is barred by the Heck
doctrine.  A conviction derived from an officer's selective
enforcement of laws in violation of a defendant's Equal
Protection rights is invalid. Gibson v. Superintendent of N.J.
Dep't. of Law and Pub. Safety Div. of State Police, 411 F.3d
427, 440-41 (3rd Cir. 2005), overruled on other grounds by Dique
v. N.J. State Police, 603 F.3d 181 (3rd Cir. 2010).  Plaintiff
alleges that defendants arrested him in violation of his equal
protection rights because he was a Marine.  Accordingly, if
plaintiff succeeds on that claim it will necessarily imply the
invalidity of his state court CWOFs.  Therefore, that claim is
not cognizable under Heck and will be dismissed.  Because the
equal protection claim will be dismissed under the Heck
doctrine, this Court declines to address whether plaintiff
states a plausible claim for an equal protection violation.

### 2. Plaintiff's Takings Claim is Not Ripe

Finally, plaintiff claims that the seizure of his firearms
and other weapons was a taking in violation of the Fifth
Amendment.  Defendants correctly contend that plaintiff has
failed to exhaust his state remedies and thus his takings claim

-11-

is not ripe.  The United States Constitution proscribes the taking of property without just compensation. U. S. Const. amend. V.  In order for a takings claim to be ripe, the Government must have not only taken property but also denied just compensation. <u>Horne</u> v. <u>Dep't of Agric.</u>, 133 S. Ct. 2053, 2062 (2013).  Consequently, to assert a valid takings claim, a plaintiff must first attempt to obtain compensation for his property. <u>Elena</u> v. <u>Municipality of San Juan</u>, 677 F.3d 1, 7 (1st Cir. 2012).

A claimant is only excused from the requirement that he seek compensation in limited circumstances, such as when state remedies are unavailable or inadequate. <u>Williamson Cty. Reg'l Planning Comm'n</u> v. <u>Hamilton Bank of Johnson City</u>, 473 U.S. 172, 173 (1985).  Exceptions to the compensation requirement are narrowly construed and a plaintiff bears the "heavy burden of showing unavailability or inadequacy" when seeking such an exception. <u>Deniz</u> v. <u>Municipality of Guaynabo</u>, 285 F.3d 142, 146 (1st Cir. 2002).

Plaintiff does not claim to have made any attempts to recover his property or receive just compensation for it. Moreover, he also fails to allege that a state remedy is unavailable or inadequate.  Thus, his takings claim is not ripe and it will be dismissed. <u>See</u> <u>Estate of Bennett</u> v. <u>Wainwright</u>, 548 F.3d 155, 165 (1st Cir. 2008) (holding that a taking claim

was properly dismissed where plaintiffs failed to seek compensation through state law mechanisms or plead that such mechanisms were inadequate or unavailable).

## ORDER

In accordance with the forgoing, defendants' motion to dismiss for the failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) (Docket No. 19) is, with respect to plaintiff's claims for 1) the illegal seizure of the firearms from his vehicle, 2) a violation of his Second Amendment rights, 3) a violation of the Equal Protection Clause and 4) impermissible takings of his property, **ALLOWED** but otherwise **DENIED.**

Therefore, plaintiff's claims for 1) false arrest, 2) an unreasonable search and 3) the impermissible seizure of the items from his apartment remain pending.

**So ordered.**

/s/ Nathaniel M. Gorton_____
Nathaniel M. Gorton
United States District Judge

Dated June 9, 2017