United States District Court
District of Massachusetts

```
_____
                           )
MATTHEW FAIRBANKS,         )
                           )
          Plaintiff,       )
                           )
     v.                    )    Civil Action No.
                           )    16-10023-NMG
OFFICER DANA O'HAGAN, ET AL., )
                           )
          Defendants.      )
_____)
```

MEMORANDUM & ORDER

GORTON, J.

This case arises out of the arrest of Matthew Fairbanks ("Fairbanks" or "plaintiff"), the subsequent search of his apartment and the seizure of his property. Fairbanks claims that defendants, various police officers employed by the Town of Danvers, Massachusetts, falsely arrested him and conducted an unlawful search and seizure in violation of 42 U.S.C. § 1983.

I.   **Background**

In January, 2013, plaintiff hosted a small social gathering at his apartment in Danvers, Massachusetts. The guests included his estranged father, Mark Kendall, his neighbor, Maria Melendez and his father's girlfriend, Holly Fletcher. During the gathering, plaintiff and his father, Kendall, stepped into the bathroom to have a conversation which devolved into an argument with raised voices. During the course of the argument, fixtures

in the bathroom were damaged and the toilet was broken off of its base and began leaking water into the apartment below.

At approximately 3:00 A.M., the individual who lived in the lower apartment called the police about the water leak.  Officer Dana O'Hagan arrived at plaintiff's apartment shortly thereafter.  Kendall and Fletcher met him in the lobby and told him that plaintiff was a Marine suffering from post-traumatic stress disorder and was "crazy".  O'Hagan and other officers went upstairs to plaintiff's apartment.  They found plaintiff in the hallway where they handcuffed and frisked him.  They also asked him if he had any weapons and he responded that he had three guns: a .45 caliber pistol, a .38 caliber revolver and a .22 caliber rifle two of which were in his vehicle.

Officers then entered plaintiff's apartment to recover his keys and subsequently seized the revolver and rifle from his car.  They also confiscated a knife, a "scope", the pistol and other property not specifically identified in the complaint from plaintiff's apartment.

Fairbanks was charged in the Massachusetts District Court with 1) assault and battery, 2) assault and battery with a dangerous weapon, 3) two counts of improper storage of a firearm and 4) malicious destruction of property.  In July, 2013, he admitted to sufficient facts for a guilty finding with respect to the assault and battery charge and one of the charges of

improper storage of a firearm.  With respect to those admissions, he agreed to a two-year continuance without a finding.  The other charges were dismissed.

In January, 2016, plaintiff filed suit in this Court against the Town of Danvers and five Danvers police officers, Officer Dana O'Hagan, Detective Carleton, Sergeant Janvrin and Officers Cassidy and George (collectively "defendants").  This Court dismissed the Town of Danvers from the suit in September, 2016 and, shortly thereafter, the remaining defendants filed a motion to dismiss which this Court allowed, in part, and denied, in part.  Plaintiff's claims for 1) false arrest, 2) an unreasonable search and 3) the impermissible seizure of items from his apartment remain pending.

In November, 2017, defendants moved to compel production of documents and answers to interrogatories from Fairbanks.  He filed no opposition to that motion which was then allowed by Magistrate Judge Bowler in January, 2018.  The following month, defendants filed a notice informing the Court that plaintiff had failed to comply with that discovery order and suggesting that it was appropriate to dismiss the case.  Defendants did not, however, move to dismiss the case at that time.  Shortly thereafter, counsel for plaintiff filed a motion for an order declaring plaintiff incompetent to testify at his deposition and moved to seal medical documentation in support of that motion.

-3-

Defendants opposed plaintiff's motion to be declared incompetent, contending that issues of testimonial competence should be reserved for trial.

Defendants filed their motion for summary judgment on all claims on April 30, 2018 which Fairbanks opposes.  The Court convened a status conference in May, 2018 to hear the parties on the status of the case and to determine the proper order in which to consider the pending motions.  The parties agreed it would be appropriate at this juncture for the Court to consider the motion for summary judgment filed by defendants and to revisit the testimonial competence of plaintiff if any claims remained viable.  In his opposition to the motion for summary judgment, plaintiff's counsel submitted a five-page affidavit purporting to summarize the testimony of four of the individual defendants.  They moved to strike that affidavit and plaintiff opposes that motion.  Defendants' motions to strike and for summary judgment are the subject of this memorandum.

## II. Motion for Summary Judgment

Defendants move for summary judgment on the merits of each of plaintiff's three remaining claims.  The complaint alleges false arrest (Count I) and unlawful search and seizure (Counts II and III) in violation of the Fourth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983.

Defendants also assert a qualified immunity defense with respect
to plaintiff's claims.

## A. Legal Standard

The role of summary judgment is "to pierce the pleadings
and to assess the proof in order to see whether there is a
genuine need for trial." Mesnick v. Gen. Elec. Co., 950 F.2d
816, 822 (1st Cir. 1991).  The burden is on the moving party to
show, through the pleadings, discovery and affidavits, "that
there is no genuine dispute as to any material fact and that the
movant is entitled to judgment as a matter of law." Fed. R. Civ.
P. 56(a).  A fact is material if it "might affect the outcome of
the suit under the governing law." Anderson v. Liberty Lobby,
Inc., 477 U.S. 242, 248 (1986).  A genuine issue of material
fact exists where the evidence with respect to the material fact
in dispute "is such that a reasonable jury could return a
verdict for the nonmoving party." Id.

Once the moving party has satisfied its burden, the burden
shifts to the non-moving party to set forth specific facts
showing that there is a genuine, triable issue. Celotex Corp. v.
Catrett, 477 U.S. 317, 324 (1986).  The Court must view the
entire record in the light most favorable to the non-moving
party and indulge all reasonable inferences in that party's
favor. O-Connor v. Steeves, 994 F.2d 905, 907 (1st Cir. 1993).
Summary judgment is appropriate if, after viewing the record in

the non-moving party's favor, the Court determines that no genuine issue of material fact exists and that the moving party is entitled to judgment as a matter of law.

**B. Analysis**

**1. Count I: False Arrest**

Defendants contend that plaintiff's false arrest claim fails because there was probable cause for his arrest and there was no constitutional violation.  They proffer evidence of information provided by Fairbanks's father, Mark Kendall and his girlfriend, Holly Fletcher, about plaintiff's violent behavior and the presence of "several loaded guns" in the apartment. Defendants assert that those statements provided the officers probable cause for plaintiff's arrest for assault and battery with a dangerous weapon and domestic assault.

Fairbanks opposes summary judgment on Count One, contending that the officers had a duty to further investigate the victims' complaints and that the officers failed to ask Fairbanks for his version of events.  He further suggests that the officers did not identify the crimes for which they were arresting him.

An arrest is lawful when the arresting officer has "probable cause". Tennessee v. Garner, 471 U.S. 1, 7 (1985).  An officer has probable cause when, at the time of the arrest, the

> facts and circumstances within the officer's knowledge
> . . . are sufficient to warrant a prudent person, or one of
> reasonable caution, in believing, in the circumstances

shown, that the suspect has committed, is committing, or is
about to commit an offense.

<u>Michigan</u> v. <u>DeFillippo</u>, 443 U.S. 31, 37 (1979).  A court must
examine the circumstances surrounding the arrest from the
perspective of a reasonable person in the position of the
officer. <u>Holder</u> v. <u>Town of Sandown</u>, 585 F.3d 500, 504 (1st Cir.
2009) (citing <u>Roche</u> v. <u>John Hancock Mut. Life Ins. Co.</u>, 81 F.3d
249, 255 (1st Cir. 1996)).  "The test for probable cause does
not require the officers' conclusion to be ironclad", rather the
conclusion need only be reasonable. <u>Acosta</u> v. <u>Ames Dep't Stores,
Inc.</u>, 386 F.3d 5, 11 (1st Cir. 2004).  The question of probable
cause is an objective inquiry and "actual motive or throught
process of the officer is not plumbed". <u>Bolton</u> v. <u>Taylor</u>, 367
F.3d 5, 7 (1st Cir. 2004) (citing <u>Whren</u> v. <u>United States</u>, 517
U.S. 806, 813 (1996).

Fairbanks does not dispute the statements given by Kendall
or Fletcher, but rather suggests that the officers' failure to
ask Fairbanks for his side of the story precludes finding that
the officers had probable cause.  He contends that the officers
had a duty to investigate further because Kendall has had
"scrapes with the law", is larger than Fairbanks who purportedly
assaulted him and Fairbanks also sustained injuries.  Fairbanks

submits that the incident was a "he-said-she-said" situation and therefore required further investigation.

The statements made by Kendall and Fletcher and the officers' observations of injuries to Kendall were sufficient to establish probable cause here.  The officers were told that Fairbanks beat his father, Kendall, threw him into the bathtub, punched him in the face, ripped the toilet out of the wall and hit him in the head with it.  Fletcher, the girlfriend, informed the officers that she witnessed Fairbanks beating Kendall and that Fairbanks had loaded guns in the apartment.

Victim statements, even uncorroborated, can be sufficient to establish probable cause.  Acosta, 386 F.3d at 10. ("The uncorroborated testimony of a victim or other percipient witness, standing alone, ordinarily can support a finding of probable cause.").  In lieu of circumstances or facts

> that would raise a reasonably prudent officer's antennae, there is no requirement that the officer corroborate every aspect of every complaint with extrinsic information.

Id.  The victim's statement here was corroborated by his girlfriend's percipient witness statement and the observations of the injuries by the officers.  Given the statements of Kendall and Fletcher, the conclusion of the arresting officers that probable cause existed was reasonable. United States v. Winchenbach, 197 F.3d 548, 555-56 (1st Cir. 1999).  The additional facts raised by Fairbanks do not alter that

-8-

conclusion. <u>Forest</u> v. <u>Pawtucket Police Dep't</u>, 377 F.3d 52, 57
(1st Cir. 2004) ("[T]he primary inquiry . . . is whether there
is any evidence that the officers acted unreasonably when they
determined that [the victim's] accusation was credible, in light
of all the circumstances known at the time.").

Probable cause existed for Fairbanks's arrest because it
was reasonable for the officers to conclude that he committed an
assault and battery with a dangerous weapon.  Accordingly,
defendants' motion for summary judgment as to Count One will be
allowed.

### 2. Counts II-III: Unlawful Seizure and Arrest under 42 U.S.C. § 1983

Defendants move for summary judgment on Counts Two and
Three, contending that the search of plaintiff's apartment and
the officers' seizure of his .45 pistol were reasonable and, in
any event, the officers are protected by qualified immunity.
The officers submit that (1) plaintiff's girlfriend consented to
entry and led the officers to the firearm, (2) the protective
sweep was reasonable, (3) there were exigent circumstances
warranting entry, (4) the community caretaking exception
applies, (5) the weapons were in plain view and the inevitable
discovery doctrine applies and (6) seizure of the weapons is
supported by the plain view doctrine.

Defendants first contend that they are entitled to summary judgment on Counts Two and Three because plaintiff's girlfriend, Maria Melendez, consented to the officers' entry into the apartment and lead them to the seized weapon.  They suggest that it was reasonable to rely on Melendez's permission to enter the apartment given her relationship to plaintiff, the time of night (between 3:00 A.M. and 4:00 A.M.) and the fact that she was wearing a Marine Corps sweatshirt when the officers were aware that plaintiff was a marine.  Defendants proffer the affidavit of Officer Cassidy who states that "Ms. Melendez invited us into the apartment to recover the firearm".

Plaintiff disputes the officers' version of events and submits an affidavit of Melendez in which she rejoins "[the officers] did not seek permission from either of us to search car or apartment".  The dueling affidavits here create a genuine issue of material fact about whether the officers had permission to enter the apartment and the officers are therefore not entitled to summary judgment on the grounds that the search was a result of the uncoerced consent of Ms. Melendez.

Defendants also contend, however, that the search of the apartment was reasonable as a protective sweep to protect themselves and others and that there were exigent circumstances that justified the entry.  Plaintiff counters that a protective sweep was unnecessary because he left the apartment when asked

and the officers were unaware of any other individuals in the apartment at the time of the search.

A warrantless search of a private residence is generally considered unreasonable under the Fourth Amendment. United States v. Tibolt, 72 F.3d 965, 968 (1st Cir. 1995).  The Supreme Court has announced an exception to that rule, however, allowing an officer to conduct a protective sweep of the premises following an in-home arrest if

> articulable facts which, taken together with the rational inferences from those facts, would warrant a reasonably prudent officer in believing that the area to be swept harbors an individual posing a danger to those on the arrest scene.

Maryland v. Buie, 494 U.S. 325, 334 (1990).  The First Circuit Court of Appeals has extended Buie to allow protective sweeps "following an arrest that takes place just outside the home". United States v. Lawlor, 406 F.3d 37, 41-42.

The reasonable suspicion standard is "considerably less demanding than the level of proof required to support" a probable cause finding. United States v. Winston, 444 F.3d 115, 118 (1st Cir. 2006).  The scope of the protective sweep must be limited and the duration must be "no longer than is necessary to dispel suspicion of danger". Buie, 494 U.S. at 335.

The officers have presented competent and sufficient evidence that they had a reasonable suspicion that others may be present in the apartment in the presence of loaded weapons.

-11-

Winston, 444 F.3d at 119 (finding that the agents had a
"reasonable suspicion to believe that a dangerous person could
be in the basement"); but see United States v. Delgado-Perez,
867 F.3d 244, 253 (1st Cir. 2017) (disapproving of a protective
sweep where the record did not contain particularized evidence
that could have led the officers to believe that multiple
persons would have been present in [defendant's] residence).

Defendants proffer particularized evidence that, upon
arriving at the residence, they learned that there was a party
in plaintiff's apartment with alcohol, violence and loaded
firearms.  Although plaintiff suggests that the officers did not
know whether there was another individual in the apartment, they
have set forth an articulable basis for their reasonable
suspicion that there was a remaining risk of danger in the
house. Winston, 444 F.3d at 119.  The officers were not required
to accept Melendez's purported assurance that there was no one
else in the apartment. Solis-Alarcon v. United States, 662 F.3d
577, 582 (1st Cir. 2011) ("The officers were not required to
accept plaintiffs' word that [an individual] was absent.").  The
protective sweep and seizure of the firearm were reasonable
under the circumstances.

Defendants further suggest that there were exigent
circumstances justifying their entry into the apartment.  The
exigent circumstances exception to the Fourth Amendment's

-12-

warrant requirement generally requires a threshold showing that law enforcement officers had probable cause to enter. United States v. Capelton, 350 F.3d 231, 240 (1st Cir. 2003).  Probable causes exists where the totality of the circumstances creates "a fair probability that contraband or evidence of a crime will be found in a particular place". United States v. Almonte-Baez, 857 F.3d 27, 31 (1st Cir. 2017) (citing United States v. Tanguay, 787 F.3d 44, 50 (1st Cir. 2015)).

When considering whether law enforcement was faced with exigent circumstances, a Court must consider the reasonableness of the officer's split-second decision. Almonte-Baez, 857 F.3d at 31 (noting that the exigent circumstances doctrine reflects an "understanding and appreciation of how events occur in the real world").  The First Circuit has recognized the presence of an exigent circumstance in cases where there is a threat of destruction of evidence inside a residence or where there is a potential threat to the safety or lives of the public or police officers. Fletcher v. Town of Clinton, 196 F.3d 41, 49 (1st Cir. 1999).

The officers' decision to enter the apartment without a warrant was reasonable under the exigent circumstances doctrine. Defendants have proffered evidence sufficient to suggest that it was objectively reasonable to conclude that there may have been others in the apartment.  Furthermore, they were told by

-13-

Melendez and plaintiff that there was a loaded firearm on the premises.  Although Fairbanks suggests that the officers' description of a party connotes a "convivial atmosphere of celebration rather than a multitudinous host of people", that suggestion does not affect the reasonableness of the officers' on-site determination that there was a potential threat to public or officer safety under the circumstances.

Accordingly, the officers are entitled to summary judgment on Counts II and III.

### III. <u>Motion to Strike</u>

#### A. Legal Standard

At the summary judgment stage, the Court may consider only evidence that would be admissible at trial. Fed. R. Civ. P. 56(c)(3).  Moreover, the party offering the evidence must demonstrate that the declarant has personal knowledge about the evidence and is competent to testify about it. <u>Id.</u>; <u>see</u> <u>also</u>, e.g., <u>Hoffman</u> v. <u>Applicators Sales and Serv., Inc.</u>, 439 F.3d 9, 14 (1st Cir. 2006).

#### B. Application

In his opposition to defendants' motion for summary judgment, plaintiff submitted the affidavit of his counsel, Michael Walsh.  That affidavit summarizes testimony of four of the individual defendants, Officers Hagan, Cassidy, Carleton and Sergeant Janvrin.  Defendants move to strike that affidavit,

-14-

asserting that it fails to meet the Fed. R. Civ. P. 56(c)
requirements that such affidavits (1) be made on personal
knowledge, (2) set out facts that would be admissible in
evidence and (3) show that the affiant or declarant is competent
to testify on the matters stated.  Defendants aver that the
affidavit is inadmissible hearsay under Fed. R. Evid. 802 and
contains improper legal arguments.

Fairbanks disputes the officers' characterization of the
affidavit, rejoining that it does not contain legal conclusions
and suggesting that the summaries of the officers' testimony
"reflects the imperfection of human memory".  In a convoluted
argument, plaintiff submits that the summaries of the testimony
are admissible under Fed. R. Evid. 1006, but glosses over the
requirement of that rule that the proponent must submit
originals or duplicates of the summarized testimony.  Plaintiff
maintains that counsel's summaries of the officers' testimony
are not hearsay under Fed. R. Evid. 801(d)(1).

Plaintiff's opposition is unavailing, Casas Office
Machines, Inc. v. Mita Copystar Am., Inc., 42 F.3d 668, 682 (1st
Cir. 2008), but even if it prevailed and the Court accepts the
statements in counsel's affidavit as true, the Court has
determined that defendants are entitled to summary judgment and,
accordingly, it will deny defendants' motion to strike as moot.

-15-

## ORDER

For the forgoing reasons, defendants' motion for summary judgment (Docket No. 49) is **ALLOWED**.  Plaintiff's motions for an order to declare witness incompetent to testify (Docket No. 40) and to seal medical records (Docket No. 41) and defendants' motions for extension for time (Docket No. 45) and motion to strike (Docket No. 67) are **DENIED AS MOOT.**


**So ordered.**

                              /s/ Nathaniel M. Gorton_____
                              Nathaniel M. Gorton
                              United States District Judge

Dated August 9, 2018